RECEIVED
IN ALEXANDRIA, LA
AUG 11 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES HOUSTON HICKS | DOCKET NO. 08-CV-1976; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORP. OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 17, 2008, by *pro se* plaintiff James Houston Hicks. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and he is currently incarcerated at Winn Correctional Center (WCC). Plaintiff names as defendants: Corrections Corporation of America (CCA), Tim Wilkinson, Cheryl Wiley, Sgt. Powell, Captain Taylor, Asst. Chief Glover, Chief Lucas, Ronald Corkern, Jr., Mona Heyse, Dr. Blubltz, Mr. Lewis, Ms. Kennedy[1]. Plaintiff complains that the defendants failed to protect him from other inmates, denied him adequate medical care, and/or retaliated against him for filing a lawsuit complaining about cigarette smoke at WCC. He seeks $50 million in compensatory and punitive damages as well as a transfer to another DOC facility.

This matter has been referred to the undersigned for review,

---

[1] Winn Correctional and Officer Carpenter were originally named as defendants, but have been dismissed pursuant to Plaintiff's motion. [Doc. #21, 22]

report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the Court.

## STATEMENT OF THE CASE

Plaintiff alleges that, on May 24, 2008, he filed a civil rights action in this Court complaining that inmates continue to smoke on the non-smoking tier, which aggravates Plaintiff's severe bronchial asthma condition. Plaintiff alleges that **Cheryl Wiley** (Ash Unit Manager) received a copy of the lawsuit from **Chief Lucas** and **Assistant Warden Martin,** and Wiley discussed the contents of the suit with Officers Carpenter and **Powell**. Then, on July 29, 2008, Carpenter and **Powell** harassed inmates on Plaintiff's non-smoking tier about possessing and smoking tobacco products. Carpenter and Powell told the inmates that they were in trouble because of Plaintiff and his lawsuit. Around two weeks later, on August 13, 2008, Plaintiff was brutally and savagely attacked by inmates, which he concludes was "a direct result of the (CCA) Officials talked [sic] to inmates about the contents of plaintiff's lawsuit." [Doc. #1, p.4]

As a result of the attack, Plaintiff alleges that he suffered a torn muscle in his right shoulder, which caused shoulder pain for five weeks; he was hit in the right eye, which resulted in blurred vision; he hit his head on a steel bench, which caused hearing loss and constant ringing in his left ear; he was kicked in the kidney area, which caused a contusion on his lower back and blood in his

urine; and, the attack aggravated a pre-existing back injury. Plaintiff suffered migraine headaches and horrific nightmares of the attack.

Plaintiff claims that, while in the "cell block" after his attack, he was exposed to pepper spray when it was used on other inmates, resulting in Plaintiff having an asthma attack. Plaintiff alleges that nobody responded to his request for a medical emergency.

In the original complaint, Plaintiff alleged that Wilkinson was liable because he did not have security cameras installed on the Ash D1 tier. Plaintiff implied that, had Warden Wilkinson provided security cameras, the attack would not have taken place. Because this was a conclusory allegation, Plaintiff was ordered to amend his complaint. In the amended complaint, Plaintiff alleges that Warden Wilkinson acted with deliberate indifference because, on the day before the attack, Plaintiff sent a request to the warden asking that Plaintiff be removed from the Ash D1 tier. Plaintiff alleges that, because of this request, the Warden knew the danger Plaintiff faced and failed to protect him.

Plaintiff alleges that, on August 13, 2008, after the attack took place, Captain Taylor put Plaintiff in pre-hearing detention (PHD) for twenty-two days because she was mad at him. Plaintiff believes that Taylor did this as retaliation for his initial refusal to name his assailant. Plaintiff was ordered to amend his

complaint to state how Taylor violated his constitutional rights and what injury he claims to have suffered from the alleged violation. In the amended complaint, Plaintiff clarifies that his complaint regarding Taylor is that she held Plaintiff in detention for twenty-two days instead of only ten days, which is the "normal detention" for fighting. Plaintiff claims that his extended stay in PHD violated his right to be free of cruel and unusual punishment.

## LAW AND ANALYSIS

### 1. Warden Wilkinson

Supervisory officials may be held liable only if they affirmatively participate in acts that cause constitutional deprivation or they implement unconstitutional policies that causally result in plaintiff's injuries. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Here, Plaintiff alleges that Warden Wilkinson personally failed to protect him from harm at the hands of another inmate. Prison officials cannot be expected to prevent all inmate-on-inmate violence. See Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). However, prison officials *can* be held liable for their failure to protect an inmate if they are deliberately indifferent to a substantial risk of serious harm. Id. at 512 (citation omitted). That is, a prison official can only be held liable if he deliberately ignored a clear danger to a prisoner <u>after</u> the official had been made aware of the

4

danger. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Plaintiff was ordered to amend his complaint to state whether he told Wilkinson or any defendant official that another inmate was going to attack him. Plaintiff responded that Wilkinson had subjective knowledge that he was in danger because, one day before the attack, Plaintiff filed a request to be moved to another tier. [Doc. #15, Exhibit A] However, according to that document, Plaintiff requested that the warden move him because inmates on Plaintiff's tier were smoking and Dr. Pacheco recommended that Plaintiff be moved for that reason. Plaintiff did not complain, allege, or otherwise indicate to the warden that he was in any kind of danger of an attack by any other inmate. Moreover, in his amended complaint, Plaintiff states that he did not warn <u>any</u> of the defendants that he was in danger of an attack because he, himself, did not even learn of the attack until the night before. [Doc. #15, p.6]

Thus, Plaintiff only makes a conclusory allegation that Warden Wilkinson actually had knowledge of the danger Plaintiff was in. It is well-settled that a civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995). Because Plaintiff has only presented a conclusory allegation that Warden Wilkinson acted with deliberate indifference, his claim against the

5

warden should be dismissed.

## 2. Cheryl Wiley

Plaintiff alleges that Cheryl Wiley put his life in danger by intentionally discussing his lawsuit with Officers Carpenter and Powell, who later told the inmates on Plaintiff's tier about the lawsuit, and those inmates ended up attacking Plaintiff. To state a claim for which relief could be granted, Plaintiff would have to allege that he was incarcerated under conditions posing a substantial risk of serious harm and that Wiley was "deliberately indifferent" to his health or safety, i.e., she knew of but disregarded an excessive risk to Planitiff's health or safety. See Farmer v. Brennan, 511 U.S. at 825. Plaintiff does not allege that Wiley told the attacker(s) about Plaintiff's lawsuit or discussed the matter with any inmate. Plaintiff's allegation that Wiley knew of and disregarded an excessive risk to Plaintiff's safety by discussing his lawsuit with two other officers is conclusory. Plaintiff has not alleged deliberate indifference by Ms. Wiley.

To the extent that Plaintiff claims Wiley retaliated against him for filing suit over tobacco smoke in the non-smoking dorm, he also fails to state a claim for which relief can be granted. To state a claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Rosas v.

Rodriguez, 2006 WL 1877282, 1 (5th Cir. 2006)(citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999)). Plaintiff has not presented allegations of retaliatory intent by Ms. Wiley. Nor has Plaintiff alleged causation. He states that the attack was prompted by Officers Carpenter and Powell discussing Plaintiff's lawsuit with inmates in Ash D-1. Plaintiff makes only a conclusory allegation with respect to Officer Wiley, and the claim against Wiley should be dismissed.

### 3. Officer Powell

Plaintiff complains that Officers Carpenter and Powell put his life in danger by harassing inmates on Plaintiff's non-smoking tier about possessing and smoking tobacco products. He claims that Carpenter and Powell told the inmates that they were in trouble because Plaintiff filed suit due to their smoking in the non-smoking tier. Around two weeks later, Plaintiff was attacked by some of those inmates. As noted above, in order to state a claim Plaintiff must allege that he was incarcerated under conditions posing a substantial risk of serious harm and that each defendant acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. at 825. Plaintiff alleges that Powell acted with deliberate indifference and knowingly placed him at risk by telling the inmates that they were in trouble because of Plaintiff's allegations. Plaintiff was brutally attacked by those inmates approximately two weeks later. A fact finder may conclude that a

prison official knew of a substantial risk from the very fact that the risk was obvious. Id. Moreover, a prison official may act with deliberate indifference if he helps create a risk to an inmate's health or safety. Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003). Plaintiff has made allegations to that effect, and his Eighth Amendment claim against Powell will be served.

### 4. Captain Taylor

Plaintiff complains that, after the attack, Taylor placed him in pre-hearing detention for twenty-two days instead of just ten days. Plaintiff first alleged that Taylor acted in retaliation because Plaintiff initially refused to name his assailant. As noted above, the elements of retaliation are (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Rosas v. Rodriguez, 2006 WL 1877282, 1 (5th Cir. 2006)(citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999)). Plaintiff has not alleged facts regarding any of the four enumerated elements with regard to Taylor placing him in PHD. His retaliation claim against Taylor is frivolous.

In his amended complaint, Plaintiff alleges that his placement by Taylor in pre-hearing detention for twenty-two days constitutes cruel and unusual punishment. While the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

forbidden by the Eighth Amendment, Whitley v. Albers, 475 U.S. 312, 319 (1986), limited restrictions such as those imposed on Plaintiff do not rise to the level of "unnecessary and wanton" inflictions of pain. Plaintiff's placement in pre-hearing detention did not impose a significant or atypical hardship in relation to the ordinary incidents of prison life. See Edwards v. Johnson, 209 F.3d 772, 777-78 (5th Cir. 2000) (finding no constitutional violation in placing an INS detainee in administrative segregation for eleven days before his disciplinary hearing and in disciplinary segregation for fifteen days following the hearing); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998)(finding prisoner's allegations of cruel and unusual punishment based on administrative segregation, including commissary restrictions, were frivolous because conditions did not rise to level of cruel and unusual punishment). Plaintiff's Eighth Amendment claim against Taylor should be dismissed, as well.

**5.  Dr. Blubltz, Counselor Lewis, Counselor Kennedy**

Plaintiff alleges that Dr. Blubltz, the "mental health physician," and Counselors Lewis and Kennedy knew in advance that the attack was possible because of the warning signs that Plaintiff reported, but none of these professionals did anything to stop or prevent the attack. [Doc. #15, p.6-7] However, as Plaintiff admitted in the Amended Complaint, he didn't tell any defendants of the attack in advance because he only found out about the attack on

9

the night before it took place. [Doc. #15, p.6] Plaintiff has not alleged deliberate indifference on the part of these three mental health professionals. Plaintiff's complaints against Dr. Blubltz, Lewis, and Kennedy are frivolous.

### 6. Mona Heyse

The only facts presented involving Heyse are Plaintiff's complaints that the calculations or dates in Heyse's report regarding when Plaintiff's ARP was filed are incorrect. Plaintiff has not presented allegations of a constitutional violation against Heyse. This claim is frivolous.

### 7. Officer Curry

Plaintiff states that, while he was confined in the "cell block," he was incidentally exposed to pepper spray when it was used on other inmates. Plaintiff alleges that the exposure caused him to have an asthma attack and suffer extreme pain. He screamed for help and told Officer Curry that he had severe asthma and was having a hard time breathing. Officer Curry responded that Plaintiff was going to be "alright" and that Plaintiff should not make a medical emergency request because he did not feel like doing the paperwork. It is common knowledge that some asthma "attacks" are mild and brief in duration, while others are severe, prolonged, and even life threatening. Many courts have recognized this distinction and refused to fashion a rule that every instance of failure to treat an alleged asthma "attack" rises to the level of

a constitutional claim. See Thomas v. Mikell, 2008 WL 2156362 (S.D.Ga. May 22, 2008); Williams v. Rodriguez, 509 F.3d 392, 401-02 (7th Cir. 2007)(arrestee's asthma was not objectively severe enough to constitute a serious medical need). In other words, mild asthma of short duration may not be a "serious medical need" that satisfies the objective component of an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 834-37 (1994) (Eighth Amendment claims have both an objective and a subjective component, requiring a prisoner to allege both (1) a deprivation that is sufficiently serious to implicate constitutional concerns and (2) that the defendant prison official was actually aware of, and disregarded, the serious nature of his medical needs). It is unclear whether Plaintiff suffered the type of severe asthma attack that required immediate medical attention or constituted a serious medical need. The claim against Officer Curry will be served.

**8. Officer Glover**

Plaintiff alleges that Chief Glover "knew or should have known about the attack" and is responsible for his subordinate officers because they "provoked the attack" by telling the inmates that Plaintiff got them in trouble. Vicarious liability - holding one liable for the acts of his subordinate - does not apply to § 1983 claims. See Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S. 1107 (1995). "Supervisory officials may be held liable only if: (I)

they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983). Plaintiff has not alleged facts of either personal involvement or the implementation of unconstitutional policies by Glover. His claim against this defendant should be dismissed.

### 9. Chief Lucas

Plaintiff alleges that Chief Lucas gave a copy of Plaintiff's "cigarette smoke" lawsuit to Officer Wiley. Wiley then discussed the contents of the suit with Officers Carpenter and Powell, who discussed the lawsuit with the inmates on Plaintiff's tier. Plaintiff concludes that Lucas acted with deliberate indifference. However, Plaintiff does not allege that Chief Lucas told the attackers about Plaintiff's lawsuit or discussed the matter with any inmate. Plaintiff has alleged no facts to indicate that Chief Lucas acted with deliberate indifference by notifying Officer Wiley of allegations that inmates were smoking in the non-smoking tier. Plaintiff's claim against Lucas should be dismissed.

### 10. Ronald Corkern

Plaintiff alleges that CCA's attorney, Ronald Corkern, is

12

liable for failing to protect Plaintiff. He alleges that he sent the attorney a letter stating that he "felt like he could be retaliated against." In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir.1995). The acts complained of by Plaintiff were the result of the action and/or inaction of a private attorney representing a private company, and who was not acting under color of state law. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988). Plaintiff's claim against Corkern is frivolous.

**11. Corrections Corporation of America**

Plaintiff seeks to hold CCA liable, presumably for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." Id. The compliant is devoid of any allegations that

an official policy or custom of CCA was the moving force behind any alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCA should be dismissed as frivolous.

**12. Transfer**

Finally, Plaintiff seeks a transfer to another prison. However, a prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Plaintiff's claim for a transfer should be dismissed.

### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that all of Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii), _**EXCEPT**_ for Plaintiff's _**Eighth Amendment claims**_ against _**Sergeant Powell**_ and _**Sergeant Curry**_. Service of process will be ordered on those two defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

14

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE